**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4404**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE MONTELL O'BRIEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:03-cr-00387-TLW-1)

Submitted:  September 25, 2012        Decided:  October 10, 2012

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Montell O'Brien appeals his eight-month sentence imposed following revocation of supervised release. Counsel for O'Brien filed a written brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether O'Brien's sentence is plainly unreasonable. O'Brien was informed of his right to file a pro se supplemental brief but has not done so, and the Government has elected not to file a brief.

In reviewing a sentence imposed after revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). The court will affirm a supervised release revocation sentence if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step is to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if the sentence is procedurally or substantively unreasonable will the inquiry proceed to the second step, which is to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the § 3553(a) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (West 2000 & Supp. 2011); Thompson, 595 F.3d at 547. The sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

We conclude that the district court's sentence is both procedurally and substantively reasonable, and therefore not plainly unreasonable. After considering the advisory policy statement range and the violent nature of O'Brien's offense, the district court reasonably imposed a within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform O'Brien, in writing, of the right to petition the Supreme Court of the United States for further review. If O'Brien requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on O'Brien.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>